IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE RODOSLOGOLU<br><br>v.<br><br>THE MACERICH COMPANY | CIVIL ACTION<br><br>NO. 17-167 |

## MEMORANDUM RE: MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY

**I.  Introduction**

Plaintiff Julie Rodoslogolu ("Plaintiff") brings this premises liability action against Macerich Deptford, LLC ("Defendant") to recover damages resulting from a February 12, 2015 slip and fall at the Deptford Mall in Deptford, New Jersey. (ECF No. 4, "Pl.'s Am. Compl." ¶¶ 1-2, 11-12). Before the Court is Plaintiff's Motion to Transfer Venue to the District of New Jersey. For the reasons explained below, Plaintiff's Motion will be GRANTED.

**II.  Factual Background, Procedural History, and Jurisdiction**

Taking Plaintiff's allegations as true, the factual background is as follows. While at the Deptford Mall in Deptford, New Jersey, Plaintiff suffered a "slip and fall." (Pl.'s Am. Compl. ¶ 11). In order to recover damages resulting from the slip and fall, Plaintiff filed a complaint in this District on January 11, 2017 against "the Macerich Company d/b/a The Deptford Mall." (ECF No. 5, "Pl.'s Mot. to Transfer Venue" ¶ 1). The Macerich Company is located in Deptford, New Jersey but Plaintiff believed in good faith that the Macerich Company did business in Philadelphia. (Id. ¶¶ 1, 4).

However, Defendant informed Plaintiff through a Motion to Dismiss on February 23, 2017 that she had sued the wrong defendant. (Id. ¶¶ 5-6). In its Motion to Dismiss, Defendant contended that Macerich Deptford, LLC, a Delaware corporation that does not do business in

1

Philadelphia or anywhere else in Pennsylvania, is the proper defendant. (Id.). On March 8, 2017, Plaintiff filed an Amended Complaint "correcting the name of the Macerich Company to Macerich Deptford, LLC." (Id. ¶ 7). Following this change, Plaintiff filed a Motion to Transfer Venue to the District of New Jersey on March 8, 2017. (Id.). Defendant does not oppose the transfer. (Id. ¶ 12).

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. However, venue is not proper under 28 U.S.C. § 1391.

### III. Discussion

Although Plaintiff relies on 28 U.S.C. § 1404(a) in support of her motion, the correct authority to transfer this case is 28 U.S.C. § 1406(a). Section 1404(a) is a transfer statute, but governs transfers "when venue is proper" in the transferring court. Lafferty v. Riel, 495 F.3d 72, 78 (3d Cir. 2007). Under 28 U.S.C. § 1391, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Because Defendant does not reside in Pennsylvania, does not have any contacts with Pennsylvania, and the action arose in New Jersey, venue is not proper in this District. Therefore, the case cannot be transferred pursuant to § 1404(a).[1]

Instead, the proper authority to transfer this case is § 1406(a). This statute states, in relevant part: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, § 1406(a) is used to transfer cases "where plaintiffs file suit in an improper forum." Lafferty, 495 F.3d at 77.

Under § 1406(a), this case can be transferred to any forum "in which it could have been brought" so long as it is in the "interest of justice." 28 U.S.C. § 1406(a). This case could have originally been brought in the District of New Jersey, because it is a proper venue and can properly exercise jurisdiction over this case. Venue is proper in the District of New Jersey because the incident occurred at the Deptford Mall, which is located in New Jersey. 28 U.S.C. § 1391(2). In addition, the District of New Jersey has subject matter jurisdiction over this case pursuant to § 1332. It can exercise personal jurisdiction over the parties in the case because the incident arose in New Jersey, and Defendant does a large amount of business in New Jersey through the Deptford Mall.

Furthermore, transferring this case to the District of New Jersey is in the interest of justice. Because the accident arose in New Jersey and Defendant has a business in New Jersey, it is likely that New Jersey law will apply to the claim. See, e.g., Slater v. Skyhawk Transp., Inc., 77

---

[1] There is some question about whether this Court has personal jurisdiction over Defendant. If this Court lacks personal jurisdiction, this case could also be transferred under 28 U.S.C. § 1631. However, it is unnecessary to decide if this Court has personal jurisdiction over Defendant, because pursuant to Lafferty, this case can be transferred under § 1406(a) without making that determination. See Lafferty, 495 F.3d at 77.

F. Supp. 2d 580, 590 (D.N.J. 1999). Moreover, the witnesses who would be called upon to testify in the case are likely to be in New Jersey. In addition, the transfer is fair to Defendant because Defendant has a business located in New Jersey and is therefore aware that he is subject to the laws of New Jersey. Finally, Defendant does not object to the transfer. Taking these factors in combination, this transfer is in the interest of justice.

IV. Conclusion

For the reasons discussed above, Plaintiff's Motion to Transfer Venue to the District of New Jersey is GRANTED. An appropriate order follows.

O:\CIVIL 17\17-167 Rodosogolu v. The Macerich Company\Memo Re Rodoslogolu Motion to Transfer_LM Final.docx